**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0536n.06

No. 11-3212

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*May 23, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **ROBERT KENNEDY**, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| *Plaintiff-Appellant*, | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| v. | ) | OHIO |
| | ) | |
| **CITY OF CINCINNATI; J. ZUCKER;** | ) | **O P I N I O N** |
| **DAVID HUDEPOHL**, | ) | |
| | ) | |
| *Defendants-Appellees*, | ) | |

BEFORE: DAUGHTREY and CLAY, Circuit Judges; and CLELAND, District Judge.[*]

**CLELAND, District Judge.** Plaintiff-Appellant Robert Kennedy lost at trial on a procedural-due-process claim under 42 U.S.C. § 1983 against Defendant-Appellee Jeff Zucker. Kennedy now appeals the district court's denial of his pretrial motion for summary judgment. Zucker contends in a motion to dismiss that the order denying summary judgment is by nature interlocutory, and we therefore lack jurisdiction under the Supreme Court's decision in *Ortiz v. Jordan*, 131 S. Ct. 884 (2011). We agree and **DISMISS** the appeal.

On June 21, 2007, Zucker, a Cincinnati Police Officer, expelled Kennedy from a swimming pool owned and operated by the City of Cincinnati, based upon accusations from pool staff that Kennedy had been lurking in the pool area to watch children swim. Kennedy challenged the

---

[*]The Honorable Robert H. Cleland, United States District Court for the Eastern District of Michigan, sitting by designation.

revocation of his pool pass, and the resulting ban from public property, in the United States District Court for the Southern District of Ohio. He alleged, in part, that Zucker had deprived him of a constitutionally protected liberty interest in access to public spaces without affording him notice and the opportunity to be heard. The district court denied both Kennedy's and Zucker's motions for summary judgment, *Kennedy v. City of Cincinnati*, No. 07–cv–512, 2009 WL 87423 (S.D. Ohio Jan. 12, 2009), and this Court affirmed the denial of Zucker's motion, which asserted qualified immunity, *Kennedy v. City of Cincinnati*, 595 F.3d 327 (6th Cir. 2010). After a trial on the merits was held and the jury returned a verdict for Zucker, Kennedy filed a notice of appeal addressing only the district court's denial of his summary judgment motion.

This Court's jurisdiction extends only to appeals from "final decisions" of a district court. 28 U.S.C. § 1291. In *Ortiz*, the Supreme Court clarified that, "[o]rdinarily, orders denying summary judgment do not qualify as 'final decisions' subject to appeal." 131 S. Ct. at 891. As the Court explained: "Summary judgment must be denied when the court of first instance determines that a 'genuine dispute as to [a] material fact' precludes immediate entry of judgment as a matter of law. Such rulings, we have observed, are 'by their terms interlocutory.'" *Id.* (alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 56(a); *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976)). In other words, a party may not appeal an order denying summary judgment after a full trial on the merits. *Id.* at 888–89. Such an order "retains its interlocutory character as simply a step along the route to final judgment." *Id.* at 889.

This matter is a clear example of an impermissible appeal from an interlocutory denial of summary judgment. Nevertheless, Kennedy attempts to avoid dismissal by fitting his case into a

possible exception acknowledged in *Ortiz*: that an order denying summary judgment on "a purely legal issue" capable of resolution "with reference only to undisputed facts" may be appealed. *Id.* at 892 (internal quotation marks omitted); *see Nolfi v. Ohio Ky. Oil Corp.*, --- F.3d ----, 2012 WL 1109634, at *4 (6th Cir. 2012) ("*Ortiz* leaves open the possibility that cases 'involving only disputes about the substance and clarity of pre-existing law' may still be considered . . . ." (alterations omitted) (quoting *Ortiz*, 131 S. Ct. at 892)); *Fencorp, Co. v. Ohio Ky. Oil Corp.*, --- F.3d ----, 2012 WL 1109648, at *4 (6th Cir. 2012) (same); *Copar Pumice Co. v. Morris*, 639 F.3d 1025, 1031 (10th Cir. 2011); *Owatonna Clinic—Mayo Health Sys. v. Med. Protective Co. of Fort Wayne, Ind.*, 639 F.3d 806, 809–10 (8th Cir. 2011).

Just as was the case in *Ortiz*, however, Kennedy's appeal is not of a purely legal character. In denying Kennedy's motion, the district court concluded that Kennedy had shown a constitutionally protected interest in access to the public pool. At the same time, it explicitly noted that summary judgment was inappropriate due to the "disputed questions of fact" that remained "as to what procedural process was afforded or available—pre-revocation and post-revocation." *Kennedy*, 2009 WL 87423, at *2; *cf. Kennedy*, 595 F.3d at 338 n.7 ("As the district court noted, 'entry of judgment regarding qualified immunity must await the jury's resolution of the disputed facts as to the process afforded.' Moreover, the scope and duration of Kennedy's ban from CRC grounds, as well as whether or not the facts support a revocation for good cause under the pool's rules, remain in dispute.").

Kennedy counters that, notwithstanding these fact disputes, the evidence proffered to the district court on summary judgment unequivocally demonstrates that he was not afforded notice or

Case No. 11-3212
*Robert Kennedy v. City of Cincinnati, et al.*

a meaningful opportunity to be heard—even when that evidence is viewed in the light most favorable

to Zucker. But *Ortiz* precludes precisely this type of inquiry into whether the evidence presented at

the summary judgment stage merits judgment as a matter of law. "Once [a] case proceeds to trial,

the full record developed in court supersedes the record existing at the time of the summary

judgment motion." *Ortiz*, 131 S. Ct. at 889. Thereafter, a court of appeals does not have jurisdiction

over an appeal based on evidence presented prior to trial, *Nolfi*, 2012 WL 1109634, at *4, and can

review a claim only "in light of the character and quality of the evidence received in court," *Ortiz*,

131 S. Ct. at 889. Since Kennedy's appeal falls entirely in the former category, it is not cognizable

in this Court.

We **DISMISS** this appeal for lack of appellate jurisdiction.